1
2
3
4
5      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
6                 AT SEATTLE

7  UNITED STATES OF AMERICA,            No. CR07-218 RSL
8              Plaintiff,
9        v.                              ORDER DENYING MOTION FOR
                                         MODIFICATION OF SENTENCE
10 RYAN I. GREEN,
11             Defendant.
12

13   This matter comes before the Court on defendant Ryan Green's motion for modification
14 of sentence under 18 U.S.C. § 3582(c)(2). Dkt. #109. Having reviewed the memoranda,
   exhibits and the record herein, the Court finds as follows:
15
     1.   The Fair Sentencing Act of 2010 (the "Act"), signed by the President on August 3,
16
17 2010, amends the mandatory minimum base sentences for cocaine base. Pub. L. No. 111-220,
   124 Stat 2372, § 2 (August 3, 2010), amending §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). The
18 Act does not contain a provision making the changes retroactive, and in the absence of express
19 language making a change retroactive, the new law will apply prospectively only. 1 U.S.C. §
20 109. Accordingly, the Act does not apply to defendant who was charged and pleaded guilty
21 before the Act was effective. Additionally, defendant was never subject to a ten-year
22 mandatory sentence, and even under the amended statute, defendant would remain subject to
   the five-year mandatory minimum to which he was convicted.
23
     2.   At the time of sentencing, defendant obtained the benefit of Amendment 706
24
   resulting in a lower guidelines range (base offense level 30) than what defendant previously
25 agreed to in his Plea Agreement (stipulated base offense level 32).
26
ORDER DENYING MOTION FOR
MODIFICATION OF SENTENCE - 1

3.  This Court lacks discretion to reduce a sentence in a manner that is inconsistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(2); <u>United States v. Leniear</u>, 574 F.3d 668, 673 (9th Cir. 2009) (discretionary reduction allowed only if sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.") (internal citations omitted).

4.  Sentence reductions under 18 U.S.C. § 3582(c)(2) are only available where the particular Guideline amendment is listed in USSG § 1B1.10(c), which is reinforced by the exclusions listed in USSG § 1B1.10(a)(2).  <u>See</u> <u>Braxton v. United States</u>, 500 U.S. 344, 348 (1991) ("Congress has granted the Commission the unusual and explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect.") (emphasis in original); <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.").

5.  Amendment 742, the Guideline amendment at issue here, is not listed in USSG § 1B1.10(c) as an amendment which is to be applied retroactively.  Amendment 742 does strike from USSG §4A1.1 the provision that had added two points to a defendant's criminal history score if the offense was committed less than two years after release from imprisonment for a sentence otherwise counted for purposes of criminal history, but defendant did not receive a two-point increase pursuant to USSG § 4A1.1.

For all the foregoing reasons, the Court DENIES defendant's motion for modification of sentence.

DATED this 6th day of December, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
MODIFICATION OF SENTENCE - 2